UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. KLOPFENSTEIN, et al., | ) | CASE NO. 1:12CV2007 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| FIFTH THIRD BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon consideration of the proper venue for the above-captioned action.  The Court issued a Show Cause Order (ECF DKT #9) on October 10, 2012; and the parties submitted their timely responses.  For the following reasons, the Court FINDS, in the interest of justice and for the convenience of parties and witnesses, that the United States District Court for the Southern District of Ohio, Western Division is the appropriate venue; and ORDERS this case transferred, pursuant to 28 U.S.C. § 1404(a) to the Southern District of Ohio, Western Division, which encompasses Cincinnati.

**I. BACKGROUND**

The above-captioned case was originally filed on August 3, 2012, by Plaintiffs,

William R. Klopfenstein, a Michigan resident, and Adam McKinney, an Indiana resident, on behalf of a similarly-situated putative class, seeking monetary damages, restitution, and declaratory and injunctive relief from Defendant, Fifth Third Bank, allegedly arising from its Early Access cash advance loans program.  Defendant was granted leave until October 24, 2012, to plead or otherwise respond; and Defendant filed a Motion to Dismiss on that date.  On October 25, 2012, the First Amended Class Action Complaint was filed, adding additional representative Plaintiffs, Donald E. and Lyn A. Adanich and D. Scott Little, residents of Ohio.  Plaintiffs describe the Fifth Third Early Access loan program as follows:

> The Bank deposits the loan amount directly into the customer's account and then repays itself the loan amount, plus the "fee," which is nothing more than usurious interest under another name, directly from the customer's next incoming direct deposit.  If direct deposits are not sufficient to repay the loan within 35 days, the bank repays itself anyway, even if it overdraws the customer's account.  (Amended Complaint, ECF DKT #17 at ¶ 4).

The Complaint recites claims for (1) Breach of Contract; (2) Fraud; (3) Violations of Ohio Rev. Code § 1109.20; (4) Conversion; (5) Unjust Enrichment; and (6) Unconscionability.  The proposed Class is defined as:

> All Fifth Third Bank customers in the United States who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, used Fifth Third's Early Access loan program and repaid their loan in less than 30 days.

Plaintiffs state that this Court has original jurisdiction under the Class Action Fairness Act of 2005 (28 U.S.C. § 1332(d)), because the aggregate claims of the putative Class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed Class is a resident of a different state than Fifth Third Bank.  The Complaint asserts that: "Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because

Fifth Third Bank is subject to personal jurisdiction there and regularly conducts business in that district, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred and continue to occur in that district." (Amended Complaint, ECF DKT #17 at ¶ 17).

The Court expressed concern over the appropriate venue for this case in its Show Cause Order issued on October 10, 2012. Plaintiffs responded that their choice of venue is entitled to deference; that Fifth Third has over 130 branches in this District and Plaintiffs "believe that the challenged Early Access payday lending program was and is used extensively by residents of this District;" that counsel for both sides are based in Cleveland; that this District is centrally located and easily accessible by air transportation; that liability is not dependent upon what a witness did or said; that documents are readily obtainable by means of modern internet technology; and that there are no choice of law considerations because both Districts in the State are equally capable of applying Ohio law. Defendant argues that this action is a putative nationwide class action brought, in the first instance, by a Michigan resident and an Indiana resident with virtually no stated connection to this District; that development and implementation of Fifth Third's Early Access program largely occurred in the bank's Cincinnati headquarters; that a plaintiff's choice of forum is less significant in a class action; and that documents, witnesses and current and former employees are located in the Southern District.

## II. LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), this Court has broad discretionary powers to transfer civil actions: "For the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it may have been brought." A district court may transfer a case *sua sponte* pursuant to 28 U.S.C. § 1404(a). *Carver v. Knox County*, 887 F.2d 1287, 1291 (6th Cir.1989). However, "[a] court considering *sua sponte* transfer of venue should inform the parties of its considerations and should give them an opportunity to be heard on the matter." *Abuhouran v. R.L. Morrison*, No. 4:06CV1207, 2007 WL 4276667, at *1 (N.D. Ohio Nov. 30, 2007) (citing *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir.2006)).

When considering whether a change of venue is warranted, the district court must weigh case-specific factors, public-interest factors and private concerns. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531 (6th Cir.2002). "Among the specific private interests a court may consider are plaintiff's choice of forum, the location of books and records and, ***, the convenience of witnesses. It has been said that plaintiff's choice of forum is entitled to 'great weight.'" *Bacik v. Peek*, 888 F.Supp. 1405, 1414 (N.D.Ohio 1993) (quoting *Gdovin v. Catawba Rental Co.*, 596 F.Supp. 1325, 1327 (N.D.Ohio 1984)).

In order for the Court to analyze whether to transfer this case to another venue pursuant to 28 U.S.C. § 1404(a), the Court must have personal jurisdiction over the corporate Defendant. The parties do not dispute that this Court has personal jurisdiction over Fifth Third Bank under the authority of 28 U.S.C. § 1391(d).

**Plaintiffs' choice of forum**

Plaintiffs' choice of forum, the Northern District of Ohio, is not determinative; but is "instead merely one of the relevant factors in the § 1404(a) analysis." *Young v. Kiebler Recreation*, No. 1:09CV1810, 2010 WL 395224, at *5 (N.D.Ohio Jan. 26, 2010) (citing *Int'l*

*Union, U.A.W. v. Aluminum Co. Of America*, 875 F.Supp. 430, 433 (N.D.Ohio 1995)).

"Moreover, when the plaintiff seeks to certify a nationwide class, 'the deference usually accorded to the plaintiff's choice of venue is less important.'" *Young, id.* (citations omitted). Thus, since Plaintiffs' proposed class is all Fifth Third Bank customers in the United States who used the Early Access loan program and repaid their loan in less than 30 days, the significance of Plaintiffs' choice of forum is gravely diminished.  Furthermore, until just a week ago, no named Plaintiff was even an Ohio resident, let alone a resident of the Northern District of Ohio.  That fact suggests the forum was selected to accommodate Plaintiffs' attorneys, who are based in this District.

**Location of relevant documents, books, and records**

Plaintiffs admit that their claims "arise out of alleged systematic conduct that likely originated [at Defendant's Cincinnati headquarters]."  (ECF DKT #10 at 5).  Defendant notes that the Bank's activity, alleged to be fraudulent or unconscionable or violative of Ohio's banking regulations, arises out of the loan program developed primarily in Cincinnati.  (ECF DKT #11 at 3).  Thus, although Plaintiffs are correct that modern internet technology allows for easy and convenient transmission of documentary evidence, their argument "cuts both ways."  The Court is not persuaded that this factor weighs in favor of retaining venue in Cleveland.

**Convenience of witnesses**

"It has also been said that 'the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C.A. § 1404(a) is the convenience of witnesses'" *Bacik*, 888 F.Supp. at 1414 (quoting 15 Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure § 3851 at 415 (1986)). Most likely, the witnesses and/or employees responsible for drafting the Early Access loan program agreement, for implementing the program, and for complying with federal and state banking regulations are located in Fifth Third Bank's headquarters in Cincinnati. Moreover, if Plaintiffs hope to prove that, "[w]hile Fifth Third claims to be offering Early Access as a service to its customers, its true motivation is revenue generation ...a way to make up for overdraft fee revenue lost after more stringent federal regulations kicked in," (Amended Complaint, ECF DKT #17 at ¶ 53), they will undoubtedly need to depose corporate employees, if not officers, situated at corporate headquarters. That leads the Court to consideration of the availability of compulsory process for attendance of unwilling witnesses and the costs of obtaining those witnesses. This factor tips the scales against the suitability of the Cleveland venue, because the geographic reach of the Northern District's subpoena power is 100 miles, which does not encompass Cincinnati, Ohio.

### III. CONCLUSION

In the interest of justice, and for the convenience of parties and witnesses, the Court finds that the above-captioned matter should be transferred to the United States District Court for the Southern District of Ohio, Western Division.

Further, at this juncture, the Court is compelled to comment on another persuasive consideration. The Court believes it was disingenuous for Plaintiffs to contend that the Northern District is an appropriate and well-suited forum; yet, file a Motion, as they did on October 18, 2012 (ECF DKT #13), asking to be excused from personal attendance at a Case Management Conference because of significant cost, significant loss of time and undue

hardship.

Therefore, for all the foregoing reasons, the Court ORDERS this case transferred, pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Ohio, Western Division, which encompasses Cincinnati, and declines to consider the merits of Defendant's Motion to Dismiss (ECF DKT #16).

**IT IS SO ORDERED.**

                                              s/ Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

**Dated: October 31, 2012**